

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| EX REL. TERRANCE GRIFFIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 0:23-4086-MGL-PJG |
| | § | |
| RYSHEMA DAVIS; BETTY SMITH; BRIAN | § | |
| KENDALL; JONATHAN NANCE; F.S.S. | § | |
| SIMON; F.S.S. RAY; F.S.S. JAY; and F.S.S. | § | |
| GORE, | § | |
| Defendants. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THE ACTION

Plaintiff Ex Rel. Terrance Griffin (Griffin) filed this lawsuit against the above-listed Defendants.  Griffin is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court this action be dismissed.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 13, 2023, but Griffin failed to file any objections to the Report. Thus, the Court adopted the Report and dismissed the action.

He later argued, however, in what the Court construed as a Fed. R. Civ. P. 60(b) motion that the Court erred in dismissing his suit inasmuch as he failed to receive the Report until after the deadline for filing objections had passed. The Court granted the motion, vacated its earlier order, and gave him until December 28, 2023, to file his objections. But, he failed to do so.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. It is therefore the judgment of the Court this action is **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 10th day of January, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.